UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Louis Guadagni,

                      Plaintiff,                08-CV-3163
                                                (CPS)(SMG)
    - against -

                                                MEMORANDUM OPINION
New York City Transit Authority, New York       AND ORDER
City Transit Authority Police Department,
Metropolitan Transit Authority,
Metropolitan Transit Authority Police
Department, Police Officers "John Doe" and
"Jane Doe,"

                      Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

     On May 2, 2008, plaintiff Louis Guadagni filed a complaint

against defendants the New York City Transit Authority ("Transit

Authority")[1] and Police Officers "John Doe" and "Jane Doe,"

alleging (1) false arrest; (2) false imprisonment; (3) defamation

(including slander, libel, slander per se and libel per se); (4)

malicious prosecution; (5) intentional infliction of emotional

---

[1] Plaintiff also named the Metropolitan Transportation Authority ("MTA")
and the MTA Police Department ("MTAPD") as defendants, but in his opposition
papers, requests permission to dismiss his claims against these defendants
with prejudice. Plaintiff's request is granted, and his claims against the
MTA and the MTAPD are hereby dismissed.
     Defendant Transit Authority alleges that the New York City Transit
Authority Police Department ("TAPD"), also named as a defendant, does not
exist, citing *Johnson v. Constantellis*, No. 03 Civ. 1267, 2005 WL 2291195, at
*19 (S.D.N.Y. Aug. 10, 1005) ("The Court can take judicial notice, however,
that the Transit Authority Police Department was merged into the New York City
Police Department pursuant to a September 1994 Memorandum of Understanding
between the Mayor of the City of New York and the City Council. *See Laborde
v. City of New York*, No. 93 Civ. 6923(JGK), 1999 WL 38253, at *4 n.1 (S.D.N.Y.
Jan. 27, 1999). This change took effect in April 1995."). Given the
determinations of several courts in this circuit, whose accuracy cannot
reasonably be questioned, that the TAPD has not existed since 1995, I take
judicial notice of the fact that the TAPD does not exist.

distress; (6) abuse of process; (7) invasion of privacy; (8) wrongful suspension from employment; (9) violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988, based on, *inter alia*, unspecified violations of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and (10) negligent hiring and training of police officers. Presently before this Court is defendant Transit Authority's motion to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), or for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the Transit Authority's motion to dismiss is granted, and the remaining motions are denied as moot. Plaintiff requests and is hereby granted leave to amend his complaint within 30 days of the filing of this memorandum opinion.

## BACKGROUND

The following facts are drawn from the complaint, documents referred to therein and incorporated by reference, documents in plaintiff's possession and relied upon by plaintiff, and matters of which this Court may take judicial notice. *See Kramer v. Time Warner, Inc.* 937 F.2d 767, 773 (2d Cir. 1991) (district court may consider "documents attached to the complaint as exhibits or incorporated in the complaint by reference" on motion to dismiss); *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150

(2d Cir. 1993) (district court may consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit" on motion to dismiss); Fed. R. Evid. 201 (setting forth conditions under which court may take judicial notice of certain matters). Plaintiff's allegations are accepted as true for the purposes of defendants' motion to dismiss, and all reasonable inferences are drawn in favor of plaintiff as the nonmoving party. *See Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002).

Defendant Transit Authority is a public authority and public benefits corporation under the Public Authorities Laws of the State of New York. *See* Declaration of Gena Usenheimer dated Sept. 8, 2008 ("Usenheimer Decl."), Ex. B (copy of plaintiff's complaint filed in New York Supreme Court, Kings County, on May 2, 2008) ("Compl.") ¶¶ 3-5; Pub. Auth. Law § 1200 *et seq.* On and before May 4, 2007, plaintiff Louis Guadagni was employed by defendant Transit Authority as a train operator. *Id.* ¶¶ 88-89.

Some time prior to May 4, 2007, plaintiff suffered an unspecified work-related injury and was disabled from performing his duties as a train operator. *Id.* ¶¶ 90-92. As a result of this injury, plaintiff filed for and received worker's compensation benefits. *Id.* ¶ 93.

In approximately December of 2005, defendants commenced an investigation of plaintiff for unstated reasons, which involved

taking pictures of plaintiff and filming him without his knowledge or consent. *Id.* ¶¶ 94-95, 97-98, 100.

On May 4, 2007, plaintiff was arrested by unknown officers. *Id.* ¶¶ 63-67. The New York City Police Department Arrest Report relating to plaintiff's May 4, 2007 arrest reflects charges against plaintiff for, *inter alia*, grand larceny, insurance fraud, and falsification of business records. *See* Declaration of James Manning dated Sept. 8, 2008, Ex. 2 (copy of plaintiff's May 4, 2007 arrest report). The report also states that plaintiff filed a worker's compensation claim, but that an investigation revealed that the claim was fraudulent. *Id.*

In May of 2007, plaintiff was suspended from his employment without pay or benefits. Compl. ¶¶ 112-15.

In August of 2007, defendant Transit Authority published an article in the "Special Investigations Unit Reporter" accusing plaintiff, among others, of insurance fraud. *See* Declaration of Gerard A. Lucciola dated November 26, 2008 ("Lucciola Decl."), Ex. 4 (copy of article). Specifically, defendant Transit Authority alleged that plaintiff filed a worker's compensation claim while employed by the Transit Authority based on an alleged back injury, but that plaintiff continued to own and operate a supermarket while claiming he was unable to work. *See id.*

Plaintiff alleges that all conditions and requirements precedent to the commencement of this action have been complied

with, and that pursuant to § 50-H of the General Municipal Law, oral examination of him by the Transit Authority "has been conducted or waived." Compl. ¶ 79. In making these allegations, plaintiff relied on the following documents exchanged between his attorneys and counsel for defendants, which are in his actual or constructive possession:

(1) A notice of claim[2] by plaintiff filed with defendant Transit Authority on August 1, 2007, *see* Usenheimer Decl., Ex. A;

(2) A demand for a statutory hearing[3] dated August 24, 2007, to be held on September 17, 2007, sent by the Transit Authority to counsel for plaintiff, *see* Usenheimer Decl., Ex. C;

(3) A letter dated September 13, 2007 from plaintiff's attorneys seeking an adjournment of the hearing on the grounds that plaintiff "has a criminal action pending against him," *see* Usenheimer Decl., Ex. D;

(4) A letter dated October 30, 2007 from the Transit Authority to counsel for plaintiff adjourning the statutory hearing to December 12, 2007, *see* Usenheimer Decl., Ex. E;

---

[2] New York Public Authorities Law § 1212(2) and New York General Municipal Law § 50-e require the filing of a notice of claim before a claimant may commence an action sounding in tort against the Transit Authority.

[3] New York Public Authorities Law § 1212(5) authorizes the Transit Authority to require a claimant to appear at a hearing "to answer orally as to any facts relative to such account or claim." As discussed *infra*, case law has interpreted compliance with this statute as a condition precedent to the commencement of an action against the Transit Authority. *See, e.g.*, *Vartanian v. City of New York*, 852 N.Y.S.2d 282, 282-83 (2d Dept 2008) (collecting cases).

(5) A stipulation dated December 2, 2007 adjourning the statutory hearing to March 20, 2008, *see* Usenheimer Decl., Ex. F;

(6) A facsimile dated March 19, 2008 from plaintiff's attorneys requesting further adjournment of the statutory hearing due to a "criminal matter still pending," *see* Usenheimer Decl., Ex. G;

(7) A letter dated March 19, 2008 from the Transit Authority to counsel for plaintiff noting prior requests for adjournment and denying the March 19, 2008 request for adjournment, *see* Usenheimer Decl., Ex. H;

(8) A letter dated March 27, 2008 from the Transit Authority to counsel for plaintiff informing counsel for plaintiff that, in light of plaintiff's failure to appear at the statutory hearing, a default had been taken against plaintiff and the plaintiff's notice of claim was considered by the Transit Authority "to be a nullity," *see* Usenheimer Decl., Ex. I;

(9) A letter dated April 9, 2008 from counsel for plaintiff to the Transit Authority acknowledging the Transit Authority's refusal further to adjourn the statutory hearing, asserting that plaintiff has a Fifth Amendment right not to testify about the facts and circumstances of his claim until criminal proceedings are concluded, further asserting that plaintiff's notice of claim is not a nullity and that plaintiff's statutory hearing "is either adjourned <u>fine die</u> [sic] or is waived," and concluding

that should the Transit Authority "wish to withdraw the criminal charges, claimant is ready, willing and able to attend the hearing," *see* Usenheimer Decl., Ex. J; and

(10) A letter dated March 27, 2008[4] from the Transit Authority to counsel for plaintiff acknowledging receipt of the April 9, 2008 letter, reiterating the Transit Authority's position that they "have not waived [their] right to a notice of claim hearing," and further noting that the Transit Authority had not instituted criminal charges against plaintiff, *see* Usenheimer Decl., Ex. K.

The present action was commenced on May 2, 2008, in New York Supreme Court, Kings County. *See* Compl.

On June 13, 2008, plaintiff was indicted in the Supreme Court of the State of New York, County of Kings, on, *inter alia*, one count of larceny, three counts of insurance fraud, and three counts of falsifying business records. *See* Lucciola Decl., Ex. 2 (copy of indictment).

On August 4, 2008, defendant removed the present action to this Court.

### DISCUSSION

Motion to Dismiss Standard

Defendants seek dismissal of plaintiff's claims for relief

---

[4] The March 27, 2008 date of this letter appears incorrect in light of its internal reference to receipt of a letter dated April 9, 2008.

for failure to state a claim pursuant to Federal Rule of Civil
Procedure 12(b)(6).  In considering a motion pursuant to Rule
12(b)(6), a court should construe the complaint liberally,
"accepting all factual allegations in the complaint as true, and
drawing all reasonable inferences in the plaintiff's favor,"
*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)
(internal citations and quotations omitted), although "mere
conclusions of law or unwarranted deductions" need not be
accepted.  *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d
763, 771 (2d Cir. 1994).  In a motion to dismiss, "[t]he issue is
not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims."
*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.
1995).  Dismissal is appropriate only when it "appears beyond a
doubt that the plaintiff can prove no set of facts which would
entitle him or her to relief."  *Sweet v. Sheahan,* 235 F.3d 80, 83
(2d Cir. 2000).  This rule "is to be applied with particular
strictness when the plaintiff complains of a civil rights
violation."  *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991).

Nevertheless, to survive a 12(b)(6) motion to dismiss, the
allegations in the complaint must meet the standard of
"plausibility."  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955,
1970 (2007).  Although the complaint need not provide "detailed
factual allegations," *id*. at 1964; *see also ATSI Commc'ns v.*

*Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007)(applying
the standard of plausibility outside *Twombly*'s anti-trust
context), it must "amplify a claim with some factual allegations
. . . to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d
143, 157-58 (2d Cir. 2007) (emphasis in original).  In other
words, the complaint must provide "the grounds upon which [the
plaintiff's] claim rests through factual allegations sufficient
'to raise a right to relief above the speculative level.'" *ATSI
Commc'ns*, 493 F.3d at 98 (quoting *Twombly*, 127 S.Ct. at 1965).
In addition, a complaint should be dismissed under Rule 12(b)(6)
if a court finds that the plaintiff's claims are barred as a
matter of law.  *Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 86
(2d Cir. 2000).

Plaintiff's § 1983 Claims

     Although it is unclear from the complaint which of
plaintiff's claims sounding in state tort law are also brought
via 42 U.S.C. § 1983 as constitutional claims against the Transit
Authority, plaintiff's unidentified claims under the First,
Fourth, Fifth and Fourteenth Amendments to the United States
Constitution must be brought via § 1983, which "provides an
instrument by which an individual deprived of a federal right by
a person acting under color of state law may be compensated."
*Eagleston v. Guido*, 41 F.3d 865, 875 (2d Cir. 1994).  A
government entity like the Transit Authority is amenable to suit

under § 1983, but may not be held liable unless its policies or customs result in a plaintiff's injury.  *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-95 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 477-81 (1986).  "A municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691.

Here, plaintiff has failed to plead facts sufficient to allege that the Transit Authority has a custom or policy that caused a deprivation of his federal rights.  Accordingly, plaintiff's § 1983 claims against the Transit Authority, including any due process or other constitutional claims, are dismissed.

## Plaintiff's §§ 1985, 1986 and 1988 Claims

Plaintiff does not specify under which of the three subsections of 42 U.S.C. § 1985 he brings his claim.  However, the first two subsections of that statute -- concerning prevention of an officer from performing his or her duties, and obstruction of justice or intimidation of a party, witness or juror, respectively -- are facially inapplicable here.  The elements of a claim under the third subsection of 42 U.S.C. § 1985 are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws . . .; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any

right of a citizen of the United States." *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 1999) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). In addition to pleading facts sufficient to allege these elements, the plaintiff must allege a racial or class-based invidiously discriminatory animus behind the conspirators' action. *Mian*, 7 F.3d at 1087. A constitutional conspiracy claim under § 1985 must be pleaded with some degree of particularity. *Respass v. New York City Police Dep't*, 852 F. Supp. 173, 179 (E.D.N.Y. 1994).

Here, the complaint fails sufficiently to allege any of the necessary elements of a § 1985 claim. Accordingly, the claim is dismissed. Because a claim under 42 U.S.C. § 1986 "must be predicated on a valid § 1985 claim," *Brown*, 221 F.3d at 341, plaintiff's § 1986 claim is also dismissed. Plaintiff's claim against the Transit Authority under 42 U.S.C. § 1988, which allows the recovery of attorney's fees by prevailing parties in civil rights actions, is dismissed as moot.

Plaintiff's State Law Claims

Having dismissed plaintiff's federal claims against defendant Transit Authority, I must determine whether to exercise supplemental jurisdiction over plaintiff's state claims against the Transit Authority pursuant to 28 U.S.C. § 1367(c). In this case, judicial economy is preserved by the exercise of

supplemental jurisdiction because state law is clear in its
requirement that these claims must be dismissed. *See, e.g.*,
*Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990)
(finding supplemental jurisdiction appropriate where the case
"merely applies recently settled [state law] and does not involve
novel legal questions"); *see also Mauro v. Southern New Eng.
Telcomms., Inc*., 208 F.3d 384, 388 (2d Cir. 2000) (upholding
district court's grant of summary judgment on state law claims
because neither efficiency nor complex legal issues required
remand).  Accordingly, I proceed to consider plaintiffs' state
law claims.

*1.   Plaintiff's Tort Claims*

To the extent that they can be understood from the
complaint, plaintiff's claims sounding in tort include, *inter
alia*, false arrest, false imprisonment, defamation (including
slander, libel, slander per se and libel per se), malicious
prosecution, intentional infliction of emotional distress; abuse
of process, and negligent hiring and training of police officers.
The Transit Authority moves to dismiss plaintiff's tort claims
due to plaintiff's failure to comply with New York's notice of
claim requirements under Public Authorities Law § 1212 and
General Municipal Law § 50-e.

In federal court, state notice-of-claim statutes apply to
state-law claims.  *Hardy v. New York City Health & Hosp. Corp.*,

164 F.3d 789, 793 (2d Cir. 1999). Under New York Public
Authorities Law § 1212(2), "[a]n action against the [Transit
Authority] founded on tort shall not be commenced . . . unless a
notice of claim shall have been served on the authority within
the time limited, and in compliance with all the requirements of
section fifty-e of the general municipal law." Section 1212(5)
further provides that the Transit Authority "may require any
person, presenting for settlement an account or claim . . . to be
sworn . . . and when so sworn to answer orally as to any facts
relative to such account or claim." Case law has interpreted
compliance with the latter provision as a condition precedent to
the commencement of an action against the Transit Authority.
*See, e.g.*, *Vartanian v. City of New York*, 852 N.Y.S.2d 282, 282-
83 (2d Dept 2008) (collecting cases); *Knotts v. City of New York
et al.*, 775 N.Y.S.2d 188, 188 (2d Dept 2004) ("Because compliance
with Public Authorities Law § 1212(5) is a condition precedent to
the commencement of an action against the appellants, the action
should be dismissed").

Plaintiff does not contest that his appearance at the
requested statutory hearing is a prerequisite to maintaining an
action in tort against the Transit Authority. However, plaintiff
argues that in light of the criminal charges pending against him,
his rights under the Fifth Amendment shield him from testifying
against his penal interest. Although "there is no question that

an individual is entitled to invoke the privilege against
self-incrimination during a civil proceeding," an invocation of
the Fifth Amendment "is not a substitute for relevant evidence,
and a litigant claiming the privilege is not freed from adducing
proof in support of a burden which would otherwise have been
his." *U.S. v. Certain Real Prop. and Premises Known as 4003-4005
5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 83 (2d Cir. 1995) (citing
*U.S. v. Rylander*, 460 U.S. 752, 758, 761, (1983)); *see also
Access Capital, Inc. v. Frank DeCicco*, 302 A.D.2d 48, 51 (1st
Dept 2002).  In addition, numerous decisions "establish that a
party cannot come into court to assert claims against a defendant
and then utilize his constitutional privilege as a sword to
frustrate that defendant's right to prepare a defense." *Argonaut
Ins. Co. v. Goepfert*, 1980 U.S. Dist. LEXIS 12190 (S.D.N.Y. July
1, 1980) (citation omitted) (collecting cases).

Plaintiff may not assert his Fifth Amendment privilege
against self-incrimination to circumvent a jurisdictional
prerequisite to the commencement of an action in tort against the
Transit Authority.  As the Southern District stated in
*Independent Productions Corp v. Loew's, Inc.*:

> Plaintiffs in this civil action have initiated the action
> and forced defendants into court.  If plaintiffs had not
> brought the action, they would not have been called on to
> testify.  Even now, plaintiffs need not testify if they
> discontinue the action.  They have freedom and reasonable
> choice of action.  They cannot use this asserted privilege
> as both a sword and a shield.  Defendants ought not be
> denied a possible defense because plaintiffs seek to invoke

an alleged privilege.

22 F.R.D. 266, 277 (S.D.N.Y. 1958).  Accordingly, plaintiff has
failed to comply with the legal prerequisites to the filing of
claims sounding in tort against the Transit Authority, and
defendant Transit Authority's motion to dismiss is granted with
respect to those claims.

*2.  Plaintiff's Invasion of Privacy Claim*

New York does not recognize a common-law right of privacy.
*Wojtowicz v. Delacorte Press*, 43 N.Y.2d 858, 860 (1978).  New
York Civil Rights Law ("NYCRL") §§ 50 and 51 provide a limited
statutory right of privacy, making it a misdemeanor to use a
living person's "name, portrait or picture" for advertising or
trade purposes without first obtaining written consent, and
providing a private right of action for a violation.  The New
York Court of Appeals has "repeatedly observed that the
prohibitions of Civil Rights Law §§ 50 and 51 are to be strictly
limited to nonconsensual commercial appropriations of the name,
portrait or picture of a living person." *Finger v. Omni Publs.
Int'l.*, 77 N.Y.2d 138, 141 (Ct. App. 1990).

Here, the only allegations in the complaint that could be
construed as relating to a claim under NYCRL §§ 50 and 51 are
plaintiff's statements that defendants took pictures of him and
filmed him without his knowledge or consent.  Plaintiff has not
alleged that his name, portrait or picture was used by defendants

in connection with any commercial endeavor.  Accordingly,
plaintiff's claim for invasion of privacy is dismissed.

*3.    Plaintiff's Wrongful Suspension Claim*

Plaintiff appears to assert a cause of action for wrongful
suspension from his employment without pay or benefits.
Plaintiff does not state the basis of this cause of action, and
other than referring to general due process rights, points to no
legal authority establishing it in his complaint or opposition
papers.  Accordingly, plaintiff's wrongful suspension claim is
dismissed.

**CONCLUSION**

For the reasons set forth below, defendant Transit
Authority's motion to dismiss is granted, and the remaining
motions are denied as moot.  The Clerk is directed to transmit a
copy of the within to the parties and the Magistrate Judge.


SO ORDERED.

Dated:     Brooklyn, NY
           January 27, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge