UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Louis Guadagni,

                   Plaintiff,              08-CV-3163
                                            (CPS)(SMG)

   - against -

                                          MEMORANDUM OPINION
New York City Transit Authority, New York   AND ORDER
City Transit Authority Police Department,
Metropolitan Transit Authority,
Metropolitan Transit Authority Police
Department, Police Officers "John Doe" and
"Jane Doe,"

                   Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

On May 2, 2008, plaintiff Louis Guadagni commenced this action against defendants the New York City Transit Authority ("Transit Authority")[1] and Police Officers "John Doe" and "Jane Doe," alleging (1) false arrest; (2) false imprisonment; (3) defamation (including slander, libel, slander per se and libel per se); (4) malicious prosecution; (5) intentional infliction of emotional distress; (6) abuse of process; (7) invasion of privacy; (8) wrongful suspension from employment; (9) violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988, based on, *inter alia*,

---

[1] Plaintiff also named the Metropolitan Transportation Authority ("MTA") and the MTA Police Department ("MTAPD") as defendants, but in his submission in opposition to defendant Transit Authority's motion to dismiss, requested permission to dismiss his claims against these defendants with prejudice. I granted this request in my memorandum opinion and order disposing of defendant Transit Authority's motion, in which I took judicial notice of the fact that the New York City Transit Authority Police Department ("TAPD"), also named as a defendant, does not exist. *Guadagni v. New York City Transit Auth.*, No. 08-CV-3163, 2009 WL 205050, at *1 n.1 (E.D.N.Y. Jan. 27, 2009).

unspecified violations of the First, Fourth, Fifth and Fourteenth
Amendments to the United States Constitution; and (10) negligent
hiring and training of police officers. On January 27, 2009, I
granted defendant Transit Authority's motion to dismiss
plaintiff's claims. *Guadagni v. New York City Transit Auth.*, No.
08-CV-3163, 2009 WL 205050 (E.D.N.Y. Jan. 27, 2009). Presently
before this Court is plaintiff's motion for reconsideration of
that decision pursuant to Rule 6.3 of the Local Rules for the
Southern and Eastern Districts of New York. For the reasons that
follow, the motion is denied.

### BACKGROUND

Familiarity with the factual background of this matter is
presumed based on the record of proceedings before the
undersigned. For a description of the facts of this case, *see*
*Guadagni*, 2009 WL 205050, at *1-3.

### DISCUSSION

I.  Plaintiff's Motion for Reconsideration

A.  *Standard for Reconsideration*

A motion for reconsideration pursuant to Local Rule 6.3 will
be granted if the moving party presents factual matters or
controlling decisions the court overlooked that might materially
have influenced its decision.[2] *Pereira v. Aetna Casualty and*

---

[2] Motions for reconsideration filed pursuant to Local Rule 6.3 of this
District are also governed by Federal Rule of Civil Procedure 59(e). *See,*
*e.g., Hertzner v. Henderson*, 292 F.3d 302, 306 (2d Cir. 2002). Rule 59(e)

*Surety Co. (In re Payroll Express Corp.)*, 921 F. Supp. 1121, 1123
(S.D.N.Y. 1996); *Violette v. Armonk Assocs., L.P.*, 823 F. Supp.
224, 226 (S.D.N.Y. 1993). Reconsideration is also appropriate if
there is an intervening change of controlling law, new evidence,
or the need to correct a clear error or prevent manifest
injustice. *Doe v. New York City Dep't of Social Servs.*, 709 F.2d
782, 789 (2d Cir. 1983); *Casino, LLC v. M/V Royal Empress*, No.
98-CV-2333, 1998 WL 566772, at *1 (E.D.N.Y. Aug. 21, 1998).
Local Rule 6.3 is to be narrowly construed and strictly applied
so as to avoid repetitive arguments on issues that have been
fully considered. *See Caleb & Co. v. E.I. Du Pont De Nemours &
Co.*, 624 F.Supp. 747, 748 (S.D.N.Y. 1985). Accordingly, a party
in its motion for reconsideration "may not advance new facts,
issues or arguments not previously presented to the court."
*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86-CV-
6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989).

Local Rule 6.3 states that "[a] notice of motion for
reconsideration or reargument of a court order determining a

---

"does not prescribe specific grounds for granting a motion to alter or amend
an otherwise final judgment," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105
(2d Cir. 2004), and "district courts may alter or amend a judgment to correct
a clear error of law or prevent manifest injustice." *Id.* (internal citations
and quotations omitted); *see also Wood v. F.B.I.*, 432 F.3d 78, 85 n.4 (2d Cir.
2005) (affirming denial of Rule 59(e) motion where "district court did not
commit error or a manifest injustice"). "The standard for granting such a
motion is strict, and reconsideration will generally be denied unless the
moving party can point to controlling decisions or data that the court
overlooked -- matters, in other words, that might reasonably be expected to
alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70
F.3d 255, 257 (2d Cir. 1995).

motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment." E.D.N.Y. Local Civ. R. 6.3. Courts will enforce this time limit "absent adequate justification for ignoring it." *Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875, 882 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d Cir. 1995). This is true even where motions for reconsideration are filed one day late. *Dama v. Seirup*, No. 96-CV-2557, 2008 WL 1957772, at *1 (E.D.N.Y. May 2, 2008); *Tejada v. Suffolk County*, No. CV-05-2961, 2007 U.S. Dist. LEXIS 20043, at *2-3 (E.D.N.Y. Mar. 8, 2007).

B.   *Timeliness of Plaintiff's Motion*

Plaintiff moves for reconsideration of my January 27, 2009 memorandum opinion and order granting defendant Transit Authority's motion to dismiss plaintiff's claims. The judgment resulting from that order was entered on January 28, 2009. Under Local Rule 6.3, plaintiff had until February 11, 2009 to serve his motion for reconsideration. Plaintiff's motion was not served until February 26, 2009,[3] and plaintiff has offered no

---

[3] I further note that plaintiff's motion for reconsideration was served one day after plaintiff filed a notice of appeal. As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over the action. *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). Nevertheless, I conclude that I have jurisdiction to consider plaintiff's motion for reconsideration by virtue of Federal Rule of Appellate Procedure 4(a)(4), under which plaintiff's appeal should be held in abeyance pending my determination of plaintiff's post-judgment motion, notwithstanding

for the motion's untimeliness.  Indeed, in his reply, he is

"compelled to acknowledge the ten-day rule set forth in Local

Civil Rule 6.3[.]"  Pl.'s Reply at 5.  Accordingly, plaintiff's

motion is denied as untimely pursuant to Local Rule 6.3.

C.    *Merits of Plaintiff's Motion*

Even if it were timely, plaintiff's motion would still be

denied on its merits.  Plaintiff has not established that I

overlooked any factual matter or committed clear error in my

prior order, nor has he presented any new evidence or pointed to

an intervening change in the law.  Instead, plaintiff seeks

"modification" of my January 27, 2009 order and the resulting

judgment so as to allow him to "revive and replead" his state law

---

the fact that plaintiff's motion was filed after the notice of appeal.  As a
court in the Northern District of New York recently commented:

> Pursuant to Federal Rule of Appellate Procedure 4(a)(4), when a notice
> of appeal is filed after announcement or entry of judgment but before
> disposition of a post-judgment motion, the appeal is held in abeyance
> pending the district court's disposition of the post-judgment motion.
> Fed. R. App. P. 4(a)(4)(B)(I) (stating that under such circumstances,
> the prior filed notice of appeal does not become effective until "the
> order disposing of the last such remaining motion is entered[ ]").
> While this appellate rule does not exactly cover the situation at hand,
> given that, in our case, the Notice of Appeal was filed prior to
> Judgment as well as the filing of the Rule 59(e) Motion, courts in this
> Circuit, as well as other Circuit Courts of Appeals, have found that,
> under such circumstances, application of Appellate Rule 4 effectively
> renders the appeal to the Court of Appeals in abeyance pending the
> district court's determination of the post-judgment motion.  *See, e.g.,*
> *Woodard v. Hardenfelder*, 845 F.Supp. 960, 964-66 (E.D.N.Y. 1994) (citing
> to the holding in *Burt v. Ware*, 14 F.3d 256 (5th Cir. 1994), stating
> that the new Rule 4(a)(4) would be applied retroactively wherein
> plaintiff's appeal to the circuit court would remain dormant until the
> lower court ruled on the post-judgment motion).

*Stewart Park and Reserve Coalition Inc. (SPARC) v. Slater*, 374 F.Supp.2d 243,
252 (N.D.N.Y. 2005).  Accordingly, I conclude that I have jurisdiction to
entertain plaintiff's motion for reconsideration.

claims, most of which were dismissed without prejudice due to his failure to appear at a requisite statutory hearing, *see Guadagni*, 2009 WL 205050 at *5-6, should plaintiff in fact appear at the requisite hearing on a future date.[4]  Plaintiff's argument is not a proper ground for reconsideration of my previous order, which in any case did not dismiss plaintiff's state law claims with prejudice.  Nor is it, as plaintiff suggests, a ground for relief from a final judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure, pursuant to which a movant must show "exceptional circumstances" or "extreme hardship" to be eligible for relief.  *U.S. v. Cirami*, 563 F.2d 26, 30 (2d Cir. 1977).  Plaintiff has shown neither exceptional circumstances nor extreme hardship here.  Accordingly, even if plaintiff's motion for reconsideration were not time-barred, it would be denied on its merits.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration is denied. The Clerk is directed to transmit a copy of the within to the parties and the magistrate judge.

---

[4] Plaintiff's moving papers also include a request that I order "on a date certain that the statutory hearing be held, and that the case thereafter proceed with the state law claims revived." Pl.'s Mem. at 4. However, plaintiff does not set forth any legal ground upon which I am authorized to issue such an order at this stage in the proceedings.

SO ORDERED.

Dated:     Brooklyn, NY
           March 19, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                          United States District Judge